**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

PAMELA SMITH,

    Plaintiff - Appellant,

v.

PACERMONITOR, LLC; OKLAHOMA
ATTORNEY GENERAL; TULSA
COUNTY DISTRICT ATTORNEY,

    Defendants - Appellees.

No. 20-5042
(D.C. No. 4:20-CV-00126-CVE-FHM)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Pamela Smith appeals the district court's dismissal of her constitutional and

state law claims for lack of subject-matter jurisdiction. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

-1-

# I

In January 2000, Smith filed a lawsuit for claims arising from a sexual assault she allegedly suffered at the hands of a state employee while she was incarcerated at the Tulsa Community Correction Center. That case eventually resulted in a jury verdict against Smith. See Smith v. Cochran, 182 F. App'x 854 (10th Cir. 2006).

Years later, in May 2019, Smith filed suit against the Tulsa County District Attorney's Office, the Oklahoma Department of Public Safety, and the Oklahoma Attorney General, arguing the defendants failed to supervise and investigate her alleged assailant. Smith v. Oklahoma ex rel. Tulsa Cnty. Dist. Att'y Off., 798 F. App'x 319, 320 (10th Cir. 2020) ("the Western District case"). The defendants moved to dismiss and certified they had sent Smith a copy of their motion. Id. at 321. Smith denied having received the motion, so the district court ordered defendants to send her a second copy. Id. When Smith still failed to respond to the motion, the district court deemed the motion confessed. The district court also granted the motion based on other grounds, including timeliness and immunity. Id. This court affirmed the dismissal on the grounds of timeliness and immunity but declined to address the district court's ruling that the motion to dismiss had been confessed. Id. at 322.

In December 2019, Smith initiated this lawsuit in the Southern District of New York and the case was subsequently transferred to the Northern District of Oklahoma. The substance of Smith's current claim is that the defendants violated her constitutional right to due process by conspiring to thwart her receipt and review of

the motion to dismiss that was then granted against her. Smith also asserts a defamation claim against two of the defendants.

The district court dismissed the complaint *sua sponte* for lack of subject-matter jurisdiction. Because Smith's constitutional claims were "meritless" and lacked any factual support, the district court concluded it had no subject-matter jurisdiction to consider them.[1]

**II**

Federal Rule of Civil Procedure 12(b)(1) "allows a court to dismiss a complaint for lack of subject matter jurisdiction. If the district court did so without taking evidence, as the court did here, our review is de novo." Safe Streets All. v. Hickenlooper, 859 F.3d 865, 877 (10th Cir. 2017) (quotation omitted). In the absence of evidence-taking, both we and the district court "must accept the allegations in the complaint as true." Id. at 878. A federal court may lack subject-matter jurisdiction if a federal claim is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quotation omitted). The party asserting subject-matter jurisdiction bears the burden of establishing it. Safe Streets, 859 F.3d at 878.

---

[1] The District Court dismissed Smith's state law defamation claim on res judicata grounds. Alternatively, the district court declined to exercise supplemental jurisdiction over a state law claim after the federal claims were dismissed.

Smith's claims are decidedly implausible. Her claim that the defendants conspired to hide the motion to dismiss does not square with the clear appearance of the motion to dismiss on the docket report and the availability of the motion from the clerk's office. It is also hard to discern what motivation the defendants would have had to hide their motion to dismiss from Smith, given that the district court's dismissal in the Western District case was easily affirmed on appeal.

Faced with the implausibility of her claims, Smith offers only scant evidence. She notes that the defendants did not file a certificate of mailing as they were instructed to do by the district court, but instead only certified that they had re-sent the motion to dismiss. Smith also argues that the Oklahoma Attorney General Office's claim that it sent her a second copy of the motion to dismiss three days before the district court ordered it to do so indicates deceit—notwithstanding the Oklahoma Attorney General Office's explanation that it sent a new copy as soon as it was notified that Smith had not received the first copy. Neither of these facts overcomes the facial implausibility of Smith's claims.

Moreover, Smith failed to allege in her complaint or explain on appeal how the defendants' purported failure to provide her with a copy of the motion to dismiss violated her due process right. Such an explanation would be difficult, given that Smith knew of the motion to dismiss more than a month before the district court ruled on it and that the district court's grant of the motion was affirmed on grounds unrelated to her failure to respond. Lacking connective tissue between the facts

4

Smith alleges and the constitutional rights she contends were violated, we hold Smith has not met her burden of establishing subject-matter jurisdiction.[2]

## III

**AFFIRMED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[2] Because Smith's federal claims cannot be considered, the district court operated within its discretion by declining to exercise supplemental jurisdiction to consider Smith's defamation claim. 28 U.S.C. § 1367(c)(3).